# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FIREBAUGH BUSINESS ASSOCIATION,<br><br>Defendant.<br>_____/ | Case No. 1:18-cv-00157-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BE GRANTED IN PART**<br><br>(Doc. 8)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

On April 11, 2018, Plaintiff Atain Specialty Insurance Company ("Plaintiff") filed a "Notice of Motion and Motion to Enter Judgment by Default" (the "Motion") against Defendant Firebaugh Business Association ("FBA"). (Doc. 8.) No opposition to the Motion has been filed. (*See* Docket.)

The Motion is therefore deemed unopposed. After having reviewed the papers and supporting material, the matter is deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court hereby VACATES the hearing set for May 9, 2018. For the reasons set forth below, the undersigned RECOMMENDS that the Motion be GRANTED.

## II. FACTUAL BACKGROUND[1]

Plaintiff initiated this diversity action by filing its complaint against FBA on January 29, 2018. (*See* Doc. 1 ("Compl.").) The Complaint asserts one claim for rescission of two insurance policies issued by Plaintiff. (*See id.*) Plaintiff does not seek monetary damages.

On April 2, 2015, FBA submitted a Commercial Insurance Application (the "Application") to Plaintiff. (Compl. ¶ 15.) The Application was signed by Carla Delgado on behalf of FBA. (*See id.* and Ex. 4 to Compl.) Based on answers provided by FBA in the Application, Plaintiff issued a Commercial Lines Policy, No. CIP247552 ("Policy No. CIP247552"), providing coverage for a "non profit community service" business located at 1599 Q St., Firebaugh, CA 93622, and with a policy period beginning April 8, 2015, to April 8, 2016. (Compl. ¶¶ 16–19 and Ex. 5 to Compl.) Plaintiff also issued a Commercial Lines Policy, No. CIP286132 ("Policy No. CIP286132), the renewal of Policy No. CIP247552, for the policy period April 4, 2016 through April 4, 2017, based on the Application. (*Id.* ¶19.)

The Application included the following questions:

Question No. 8: "Is a fee charged for parking?

Question No. 9: "Recreation facilities provided?"

Question No. 12: "Are social events sponsored?"

Question No. 13. "Are athletic teams sponsored?" (If the answer is yes, the application requests the following information: "Type of sport," whether the sport is a "contact sport," "age group" of participants in sport, and "extent of sponsorship" of the sport.)

(*See* Ex. 4 to Compl. at 37.) In response to Question Nos. 8, 9, and 12, FBA answered "N" for "no." FBA left Question No. 13 blank on the Application.

Policy No. CIP247552 provided that:

This policy was issued based on the information supplied on an application and other correspondence, including your claims or loss history. This information is attached to and considered to be part of this policy. You should review this information carefully because the truth of this information was of paramount importance in influencing our decision to issue this policy. You, for all the

---
[1] Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the factual background is based on the allegations of the complaint.

insureds under this policy, do warrant the truth of such information to the best of your and their knowledge at the inception date of this policy. If such information is false or misleading, it may cause denial of coverage or voiding of the policy.

(Ex. 5 to Compl. at 45.)

Unbeknownst to Plaintiff, on March 26, 2015, seven days before she signed the Application for Insurance, Ms. Delgado, on behalf of FBA, applied for a "Rodeo Grounds – Facilities Use Permit" with the City of Firebaugh ("Facilities Use Permit") and entered into a "Rodeo Grounds Facilities Use Agreement" with the City ("Facilities Use Agreement") for an event to be held on May 31, 2015. (*See* Compl. ¶¶ 11–12 and Ex. 3 to Compl.) The Facilities Use Permit was for a "Jaripeo"[2] to be held on May 31, 2015, and indicated that alcohol was to be served at that event from 2:00 p.m. to 10:00 p.m. (*See* Ex. 3 to Compl. at 24.) Plaintiff claims that had FBA disclosed that its operations included sponsoring events like the Jaripeo, which involved the sale of alcoholic beverages and the use of live animals in sporting events, and had truthfully answered Question Nos. 8, 9, 12, and 13 on the Application, Plaintiff would not have issued Policy Nos. CIP247552 and CIP286132 to FBA.

On or about April 4, 2016, Plaintiff received notice of a loss that occurred on or about May 30, 2015, at the Firebaugh Rodeo Grounds. (*See* Compl. ¶ 21.) According to the loss report, Jose Saldana was attending an event at the Firebaugh Rodeo Grounds on May 30, 2015. (*See id*. ¶ 22.) Sometime during the event being attended by Mr. Saldana, one of the bulls that was to be used in the FBA event the next day, on May 31, 2015, escaped, attacking and injuring Mr. Saldana. (*See id.*)

On February 24, 2017, Plaintiff notified FBA that it was rescinding Policy Nos. CIP247552 and CIP286132 and tendered the full amount of premium paid for both policies to FBA. (*See* Compl. ¶ 31 and Ex. 6 to Compl.)

On November 9, 2017, Mr. Saldana's counsel provided Plaintiff with a courtesy copy of a complaint filed in Fresno County Superior Court, Case No. 17CECG01353, in which claims for damages are asserted against FBA and others (the "Saldana Action"). (*See* Compl. ¶33 and Ex. 7

---

[2] According to Plaintiff, a Jaripeo is a "form of bull riding requiring the rider to try to stay on the bull until the bull tires and stops and stops bucking." (Compl. ¶ 27.)

3

to Compl.) The complaint in the Saldana Action alleges that on May 30, 2015, Mr. Saldana was injured while attending a quinceanera at the Firebaugh Rodeo Grounds when a bull, to be used in a rodeo being put on by FBA the next day, attacked and injured him. (*See id*. ¶ 34 and Ex. 7 to Compl.) The complaint asserts a cause of action for general negligence against FBA based on its renting of the Firebaugh Rodeo Grounds and entry into an agreement with the other defendants to provide bulls for the rodeo. (*See id*.)

### III. PROCEDURAL BACKGROUND

On February 3, 2018, FBA was served by personal service made on Ms. Delgado, as FBA's agent. (*See* Doc. 5.) FBA did not respond to the Complaint. According to Plaintiff's counsel, Ms. Delgado stated in an email dated March 6, 2018, that she "was not filing a responsive pleading on behalf of FBA and that when she reached out to other members of FBA, they were not interested in keeping the organization active." (Doc. 8-3, Declaration of GailAnn Y. Stargardter ("Stargardter Decl.") ¶ 17.)

Plaintiff requested entry of default against FBA on March 7, 2018, which was entered by the Clerk of Court on March 9, 2018. (*See* Docs. 6, 7.) Plaintiff filed the present Motion on April 11, 2018, requesting relief as to its sole claim in its Complaint for rescission. (Doc. 8.) Plaintiff seeks to rescind Policy Nos. CIP247552 and CIP286132 retroactive to their inception dates, such that it has no duty to defend or indemnify FBA against the claims asserted in the Saldana Action. (*See* Doc. 8 at 10.)

### IV. DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*,

782 F.2d 1470, 1471-72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

"In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)). As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo*, 826 F.2d at 917-18 (9th Cir. 1987). However, although well-pleaded allegations in the complaint are admitted by the defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### B. The *Eitel* Factors Favor Entry of Default Judgment
#### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether Plaintiff would suffer prejudice if default is not entered. Plaintiff may be prejudiced if Policy Nos. CIP247552 and CIP286132 are not rescinded because FBA obtained those policies by misrepresenting the nature of its activities. *See, e.g., Am. Income Life Ins. Co. v. Lopez*, No. 2:11–CV–2068 JCM (PAL), 2012 WL 4795649, at *2 (D. Nev. Oct. 9, 2012) (prejudice to plaintiff-insurer found where the defendant-insured made misrepresentations in his application for life insurance). Plaintiff may also be prejudiced if not afforded rescission of Policy Nos. CIP247552 and CIP286132. That is, Plaintiff could be subject to a duty to defend or indemnify FBA in the Saldana Action if the policies are not rescinded. Thus, if the Motion is not granted, Plaintiff will likely be without other recourse to protect itself from such a duty to defend or indemnify. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment). Therefore, Plaintiff would be prejudiced if the Court were

5

to deny its Motion. This factor weighs in favor of default judgment. *See Maxum Indem. Co. v. Court Servs., Inc.*, No. 2:11-cv-2014 GEB EFB, 2012 WL 2090473, at *2 (E.D. Cal. June 8, 2012), *adopted by*, 2012 WL 3205069 (E.D. Cal. Aug. 1, 2012); *Burlington Ins. Co. v. Diamond Partners, Inc.,* No. 1:10-cv-00100-LJO-SKO, 2011 WL 284490, at *3 (E.D. Cal. Jan. 25, 2011), *adopted by*, 2011 WL 587108 (E.D. Cal. Feb. 9, 2011).

### 2. Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

The next relevant *Eitel* factors include the merits of the substantive claims pleaded in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted). Here, Plaintiff's Complaint establishes that Plaintiff is entitled to rescission.

"[A] material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." *W. Coast Life Ins. Co. v. Ward*, 132 Cal. App. 4th 181, 186–87 (2005). "Materiality is determined solely by the probable and reasonable effect which truthful answers would have had upon the insurer." *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904, 916 (1973). "The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." *Id.*

Plaintiff's admitted allegations establish that FBA failed to respond accurately to various questions in the Application for Policy Nos. CIP247552 and CIP286132. Specifically, FBA failed to disclose that it planned to sponsor a sporting event like the Jaripeo, which involved the sale of alcoholic beverages and the use of live animals, and it also falsely stated that it would not charge a fee for parking, would not provide recreation facilities, and would not sponsor social events. Plaintiff's allegations also establish that if FBA had accurately responded to these questions, Plaintiff would not have issued Policy Nos. CIP247552 and CIP286132 to FBA. In light of the

6

foregoing, Plaintiff is entitled to a judgment against FBA that Policy Nos. CIP247552 and CIP286132 are rescinded and void *ab initio*. *See Certain Underwriters at Lloyds, London v. Triduanum Fin., Inc.*, No. CIV. S–10–116 MCE DAD, 2011 WL 6002916, at *4 (E.D. Cal. Nov. 30, 2011).

### 3. The Sum of Money at Stake in the Action

Under this *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176–77 (C.D. Cal. 2002). Here, Plaintiff seeks no monetary damages against FBA, but requests only that the Court rescind the insurance policies. This factor weighs in favor of entry of default judgment. *See Am. Gen. Life Ins. Co. v. Johnson*, No. CV 14–4169 DSF (RZx), 2015 WL 13047562, at *2 (C.D. Cal. Feb. 10, 2015). *See also Certain Underwriters at Lloyds, London*, 2011 WL 6002916, at *4 (E.D. Cal. Nov. 30, 2011) ("Since plaintiff only seeks rescission and declaratory relief, the amount of money at stake is not at issue.").

### 4. The Possibility of a Dispute Concerning the Material Facts

With regard to this factor, no genuine issues of material fact are likely to exist because the allegations in the Complaint are taken as true, *TeleVideo Sys.*, 826 F.2d at 917-18, and FBA has submitted nothing to contradict the well-pleaded allegations. *See United Specialty Insurance Co. v. Saleh*, No. 1:16-cv-00632-DAD-MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted). Additionally, Plaintiff has attached to its Complaint both the Application, Policy No. CIP247552, and the complaint in the Saldana Action. Plaintiff has also submitted additional evidence in support of its Motion—all of which support Plaintiff's claim. In light of this, there is a reduced possibility of a dispute concerning the material facts.

### 5. Whether Default Was Due to Excusable Neglect

There are no facts in the record that evidence that FBA's failure to respond to the Complaint or defend against the Motion is the result of excusable neglect. Indeed, it appears FBA

made the deliberate choice not to respond to the Complaint and instead to allow this matter to proceed through default. This factor, therefore, favors the entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

This factor weighs against entry of default judgment in every case, but this policy factor is not dispositive, particularly when a defendant fails to appear and defend the action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Although the Court favors resolving cases on the merits after adversarial proceedings, it cannot force FBA to participate. Further, as Plaintiff only seeks to rescind its insurance policies, rather than seek damages against FBA, the Court finds that FBA will not be overly prejudiced by this default. *See, e.g., United Specialty Insurance Co.*, 2016 WL 4434479, at *2.

### V. CONCLUSION AND RECOMMENDATIONS

Based on a consideration of the declarations, pleadings, and exhibits to the present motion, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's Notice of Motion and Motion to Enter Judgment by Default against Firebaugh Business Association (Doc. 8) be GRANTED;

2. The district court enter judgment against Defendant Firebaugh Business Association and order that (a) Atain Specialty Insurance Company policy no. CIP247552 issued to Defendant is rescinded and void effective April 8, 2015, such that Plaintiff has no duty to defend or indemnify Defendant under the Policy with respect to the Saldana Action, and (b) Atain Specialty Insurance Company policy no. CIP286132 issued to Defendant is rescinded and void effective April 4, 2016; and

3. This case be closed.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **May 3, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE